UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth Allen GILL, Defendant–
Appellant.

No. 02–5034.

United States Court of Appeals,
Sixth Circuit.

Aug. 25, 2003.

Candace G. Hill, Asst. U.S. Attorney, Terry M. Cushing, Asst. U.S. Attorney, Larry E. Fentress, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

Alan B. Simpson, Pierce, Simpson & Shadoan, Bowling Green, for Defendant–Appellant.

Before KENNEDY, GILMAN, and GIBBONS, Circuit Judges.

KENNEDY, Circuit Judge.

Kenneth Allen Gill appeals his conviction and sentence for being a felon knowingly in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Gill raises several claims of trial error, some to which he objected and others to which he did not object, and one sentencing error. Finding no error, we affirm Gill's conviction and sentence.

## I. Probation Officer's Testimony

First, defendant Gill contends that the district court erred in overruling his motion *in limine* to exclude the testimony

of Russell McElroy, Gill's state probation officer, that McElroy had admonished Gill that he was not to possess a firearm as a condition of his supervised release. Over Gill's objection that such testimony would be irrelevant under the Federal Rule of Evidence 402, McElroy testified that he had advised Gill of this condition on two separate occasions, without specifying the circumstances surrounding those occasions. Gill moved for a mistrial on the ground that this testimony about the two separate occasions disclosed to the jury the revocation of Gill's supervised release, thereby prejudicing him. Overruling Gill's motion for a mistrial, the district court instructed the prosecutor to conclude McElroy's direct exam after McElroy read the warning that he had conveyed to Gill. On appeal, Gill argues that the district court improperly permitted this testimony to remain in the record despite Gill's objection to its relevance and its resultant prejudice to Gill.

Federal Rule of Evidence 402 bars the admission of irrelevant evidence. Under Federal Rule of Evidence 401, relevant evidence is that evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 403 provides that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." We review a district court's evidentiary rulings on relevance under Rule 401 and on admissibility under Rule 403 for an abuse of discretion. *See United States v. Bonds*, 12 F.3d 540, 554 (6th Cir.1993) ("We review the trial court's admission of testimony and other evidence under the abuse of discretion standard."). Under this standard, we take a "maximal view" of the evidence's probative effect and a "minimal view of its unfairly prejudi-

cial effect." *United States v. Sassanelli*, 118 F.3d 495, 498 (6th Cir.1997).

The district court did not err in determining that McElroy's testimony that he had advised Gill that he could not possess a firearm as a condition of his supervised release was relevant to Gill's motive to hide the gun via wrapping it in a towel and/or placing it under the seat of another individual's truck. Moreover, Gill's motive to hide the weapon would make Gill's knowledge that he possessed the weapon more probable. The district court also did not err in retaining on the record McElroy's testimony that he had advised Gill of the condition on two occasions because such testimony was not prejudicial. The jury would have no basis to infer the revocation of Gill's supervised release from this testimony.

## II. Impeachment Evidence

■ Second, Gill claims that the district court committed reversible error by refusing to permit Gill, under Federal Rule of Evidence 608(b), to impeach Detective Cline, the government's key witness, during cross-examination with a magistrate judge's finding-in an unrelated case-that various portions of an affidavit by Cline were false. The government objected on the ground that the findings of the magistrate judge, whom the district court had ordered to re-open the hearing, were preliminary. The district court sustained the government's objection.

Under Federal Rule of Evidence 608(b), one may not prove by extrinsic evidence specific instances of a witness' conduct, "for the purpose of attacking or supporting" his or her credibility, other than with criminal convictions under Rule 609; yet, in the court's discretion, one may inquire into such specific instances of a witness' conduct on cross-examination of the wit-

ness concerning his or her character for veracity if they are "probative of truthfulness or untruthfulness." We review a district court's ruling that evidence is not proper impeachment for an abuse of discretion. *See United States v. Phibbs,* 999 F.2d 1053, 1070 (6th Cir.1993). Here, the district court did not abuse its discretion when it excluded the magistrate judge's preliminary finding as such a finding, given its tentative and questionable status, would not have been particularly probative of Detective Cline's untruthfulness.

### III. Gill's Proposed Jury Instruction on Constructive Possession

■ Third, Gill contends that the district court erred by rejecting his proposed jury instruction. which, based on *United States v. Beverly,* 750 F.2d 34 (6th Cir. 1984), would have added: "Evidence that the defendant was in a vehicle which contained a firearm, and even evidence that at some point the defendant may have touched a firearm cannot prove beyond a reasonable doubt that the defendant actually or constructively possessed a firearm." Concerning possession, the district court gave the jury the following instruction:

> "To establish constructive possession, the government must prove that the Defendant had the right to exercise physical control over these items, and knew he had this right, and that he intended to exercise physical control over the items at some time, either directly or through other persons. For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend. But understand that just being present where something is located does not equal possession. The government must prove that the Defendant had actual or con-

structive possession of these items, and knew that he did, for you to find that he possessed them. This, of course, is all for you to decide."

"We will reverse a conviction for failure to give a requested jury instruction only when: (1) the requested instruction is a correct statement of the law;" (2) other delivered instructions do not substantially cover the requested instruction; "and (3) the failure to give the instruction impairs the defendant's theory of the case." *United States v. Chesney,* 86 F.3d 564, 573 (6th Cir.1996). "It is error ... to instruct the jury on an issue when there has been insufficient evidence presented to support a jury finding on that issue." *Jones v. Consolidated Rail Corp.,* 800 F.2d 590, 592 (6th Cir.1986); *Bowman v. Koch Transfer Co.,* 862 F.2d 1257, 1263 (6th Cir.1988) (It is not error to refuse to administer jury instructions that "would have required the jury to engage in speculation on a subject on which they had no evidence.")

None of the circumstances requiring reversal of Gill's conviction for the district court's refusal to give Gill's requested jury instruction exist here. In *United States v. Beverly,* this court stated that "[c]onstructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." 750 F.2d at 37. As this court noted, the government may prove constructive possession by direct or circumstantial evidence. *Id.* In reversing the conviction, this court held that the circumstantial evidence that the government had submitted-that the defendant was in another individual's kitchen, standing near a waste basket that contained two guns, and had touched one of the guns at some point-was *insufficient* to establish constructive possession beyond a reasonable doubt. *Id.*

Thus, *Beverly*, being a sufficiency-of-the-evidence case, simply applies the legal definition of constructive possession to its particular facts; it does not modify that definition. Unlike in *Beverly*, compelling direct and circumstantial evidence supported possession here. Because the district court permitted Gill to argue his *Beverly*-based theory of defense to the jury, its refusal to give Gill's requested instruction did not impair Gill's defense theory.

## IV. Gill's Sentence within the Guideline Range

■ Fourth, Gill maintains that the district court improperly imposed a mid-range sentence as opposed to a low-end sentence—which Gill had requested—based on the court giving "improper weight" to Gill's pending state charges. The offense of felon in possession of a firearm under 18 U.S.C. § 922(g)(1), a Class C felony, carries a sentence of not more than ten years' imprisonment and/or a $250,000 fine and not more than three years of supervised release. Based on the presentence report, to which Gill never objected, the guideline imprisonment range was between thirty-three and forty-one months due to a total offense level of fourteen and a criminal history category of V, and the guideline term for supervised release was two to three years. The district court sentenced Gill to thirty-seven months of imprisonment and three years of supervised release, and recommended placement in an institution providing comprehensive treatment for narcotic, drug, or alcohol dependency; in sentencing Gill, the court considered that Gill had been arrested and was facing pending state charges.

18 U.S.C. § 3742(a) provides:

"a defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence-(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the ... maximum established in the guideline range ...; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."

This court has held that appellate courts lack "jurisdiction over appeals that argue only that the district court abused its discretion in imposing an otherwise valid sentence within the applicable guideline range." *United States v. Lively*, 20 F.3d 193, 199 (6th Cir.1994). Here, Gill may not appeal the district court's sentence because it does not fall within one of the permissible categories under § 3742(a) permitting such review. The district court did not violate the law by considering Gill's pending criminal charges in sentencing Gill to a mid-range sentence. *See* 18 U.S.C. § 3553(a)(1) (In determining the particular sentence to impose, the court shall consider the offense's nature and circumstances and the defendant's history and characteristics.); United States Sentencing Commission, *Guidelines Manual* § 4A1.3 (Nov. 2000) (A district court may even consider imposing a sentence *departing* from the guideline range where other pending charges reliably indicate that "the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes."). Rather, Gill is merely appealing an *otherwise valid* sentence that the district court imposed *within* the applicable guideline range.

## V. Sufficiency of the Evidence

■ Fifth, Gill claims that the evidence is insufficient to establish his guilt under § 922(g)(1) beyond a reasonable doubt because the "government's case is entirely based upon the inconsistent testimony of three witnesses." Specifically, Gill's brief

is directed toward the element of "possession," not the elements of a prior felony—to which Gill stipulated at trial—or a weapon in or affecting commerce. At trial, Gill moved for judgment of acquittal under Federal Rule of Criminal Procedure 29 both after the government's case and before the case was submitted to the jury. The district court overruled Gill's motions.

In reviewing an appeal on the ground of insufficient evidence, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (applying standard in habeas corpus context); *United States v. Vincent*, 20 F.3d 229, 233 (6th Cir.1994) (applying same standard on direct review). We must also "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Maliszewski*, 161 F.3d 992, 1006 (6th Cir.1998). Moreover, "[a] defendant claiming insufficiency of the evidence bears a very heavy burden." *Id.* at 1005.

As Gill's challenge hinges on witnesses' credibility, Gill's insufficiency of the evidence claim necessarily fails. In any event, we find that, viewing all evidence and credibility determinations in the light most favorable to the government, a rational fact finder could have found that Gill possessed a firearm beyond a reasonable doubt. For example, Detective Cline testified that: 1) on March 30, 2001, an individual whom he later identified as defendant Gill showed him a .357 Smith and Wesson automatic handgun that Gill pulled from underneath the seat of the blue pickup truck that he was driving; 2) upon later searching the vehicle, Cline discovered that same weapon near a towel under the truck's passenger seat-the same location to which Cline observed Gill return the gun. Michael Meece, Gill's co-employee, testified that: 1) Gill had shown him the gun before March 30th; 2) on March 30th, Meece saw Gill walk toward Meece's truck carrying the weapon amidst some clothes; and 3) Meece later saw the gun under the truck's seat before Gill borrowed the truck. Kenneth Joiner, Gill's co-employee, testified that: 1) on March 30th, he saw Gill place the gun under a towel in the truck; 2) after Gill returned with Meece's truck, Gill told Joiner that Gill had shown the gun to an individual at a yard sale; and 3) Joiner saw Gill move the gun so as to make room in the truck.

## VI. Issues Requiring Plain Error Review

Sixth, Gill contends that the district court committed several instances of plain error by failing to dismiss for cause a juror with familial ties to law enforcement, including a government witness; by failing to provide a witness' transcript to the jury upon its request during deliberation; and by permitting Detective Cline's testimony regarding his familiarity with the Gill family and the case in which they were involved. Because Gill raises these challenges for the first time on appeal, we review only for plain error. *See Vincent*, 20 F.3d at 234. Plain error requires: 1) an error; 2) that is plain; 3) that affects substantial rights; and 4) that seriously affects "the fairness, integrity, or public reputation of the proceedings." *Id.* However, because we find that no error occurred, our inquiry into plain error ends at the first step [Missing Text]

■ We review a district court's decision not to strike a juror for cause for an abuse of discretion. *Cox v. Treadway*, 75 F.3d 230, 239 (6th Cir.1996) (noting that most disqualification cases involve the juror being employed by or related to the

exact law enforcement agencies involved in the case). No *per se* rule exists that requires a district judge to disqualify for cause any juror with a familial relationship with law enforcement. *Id.* During voir dire, Juror 58 stated that her brother-in-law worked in the Simpson County Sheriff's Department and that her sister-in-law was a former state police dispatcher; she also stated that she had "seen ... [Detective Cline] in passing" and may have heard some "small talk" about him. Detective Cline, a trooper for the Kentucky State Police who lives in Simpson County, Kentucky, informed the district court that he knew the former dispatcher. After the district court asked Juror 58 whether he knowledge of Detective Cline would influence her ability to evaluate his testimony, Juror 58 stated that it would not. Juror 58 sat on the jury that convicted Gill. Although Juror 58 had a relative who had worked for the Kentucky State Police, for which Detective Cline also worked, the district court did not err when it credited Juror 58's statement that her limited familiarity with Detective Cline would not influence her independent judgment as the court was in a unique "position to assess her credibility and impartiality." *Id.*

■ We review a district court's *refusal* to provide a witness' testimony to the jury upon its request during deliberations for an abuse of discretion. *See United States v. Toney,* 440 F.2d 590, 591–592 (6th Cir. 1971) (holding that district court did not abuse its discretion or commit plain error in *refusing* to provide the jury with witness' testimony upon request where the jury had heard such testimony for three days). Here, the district court did not commit error when it simply notified the jury, in response to its request for a copy of Detective Cline's testimony, that the transcript was not immediately available as transcription would take approximately four hours; when it requested the jury to draw on its collective memory; and when it stated that it would request transcription should the jury so wish. The district court did not *refuse* the jury's request but merely informed it of the considerations surrounding its request and placed the choice within the jury's discretion; for whatever reason, the jury chose not to obtain a transcript of Detective Cline's testimony. We note that Gill advised the district court that he would consent to the district court's refusal of the jury's request, recommending that the district court simply inform the jury that the testimony was unavailable and that it should rely on its recollection.

■ We review a district court's evidentiary rulings on relevance under Rule 401 and on admissibility under Rule 403 for an abuse of discretion. *See Bonds,* 12 F.3d at 554; *Sassanelli,* 118 F.3d at 498 (Under this standard, we take a "maximal view" of the evidence's probative effect and a "minimal view" of its unfairly prejudicial effect."). During direct examination, Detective Cline testified that Detective Chism was familiar with the Gill family "[b]ecause he had been working a case on some other things that involved Gills" and that Cline knew that Chism "was very familiar with them." This testimony was relevant to explain why Detective Cline called Detective Chism after the individual whom he believed to be Terry Gill showed him the .357 Smith and Wesson handgun, and why Detective Chism would have pictures of the Gill family, from which Detective Cline identified defendant Gill as that individual. Gill claims that the jury inferred from this statement that law enforcement knew the Gill family well because of their criminal activities. However, such an inference does not necessarily follow from Detective Cline's statement, which had ambiguous implications; for example, the jury could

just as easily have speculated that law enforcement knew the Gill family well because members of the family had been victims of crime or had served as witnesses or informants. Assuming *arguendo* that the jury made the prejudicial inference that the Gill family engaged in criminal activities, any such prejudice did not substantially outweigh the testimony's highly probative value, especially as Gill had already stipulated to being a felon. Moreover, because this testimony concerning the Gill family advanced Gill's trial strategy, which was to argue that the police were railroading defendant Gill out of animus towards his family, it was more helpful than prejudicial. In sum, all of Gill's challenges requiring plain error review fail as no error occurred.

## VII. New Trial due to Cumulative Error

Lastly, Gill contends that each of these claims, even if harmless, resulted in cumulative error "so severe and pervasive as to warrant reversal of his conviction." "[E]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone ... may cumulatively produce a trial setting that is fundamentally unfair." *United States v. Hernandez,* 227 F.3d 686, 697 (6th Cir.2000) (citing *Walker v. Engle,* 703 F.2d 959, 963 (6th Cir.1983)) (internal quotation marks omitted). However, as discussed previously, we find that the district court committed no error at all, not simply that such errors were harmless; consequently, no error exists so as to constitute cumulative error, let alone that which would rise to the level of fundamental unfairness. Thus, Gill is not entitled to a new trial on the basis of cumulative error.

For all the reasons set forth above, we affirm Gill's conviction and sentence for being a felon knowingly in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).