NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0103n.06
Filed: February 14, 2008

No. 07-5206

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN ANTHONY BAILEY, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MOORE, CLAY, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.  Defendant John Anthony Bailey was convicted of being a felon

in possession of a firearm.  The district court sentenced Bailey to 204 months of imprisonment after

concluding, based on his extensive criminal record, that he should be classified as an "armed career

criminal" under the Armed Career Criminal Act ("ACCA").  On appeal, Bailey argues that he cannot

be considered an armed career criminal because his prior conviction for felony reckless

endangerment was not a "violent felony," and because his three prior convictions for cocaine

trafficking constitute only one ACCA predicate offense.  Bailey also asserts that his below-

Guidelines sentence was excessive, and thus unreasonable.  As both of these challenges are without

merit, the sentence imposed by the district court is affirmed.

**I.**

On December 21, 2002, an unidentified male suspect robbed a gas station located in Humboldt, Tennessee at gunpoint. The suspect fled the gas station with the station's cashbox and shortly thereafter got into a car driven by Bailey. When police began to chase the car, the suspect exited the vehicle and fled on foot. Bailey continued to flee in the vehicle and was apprehended not long after. Bailey was indicted on various charges stemming from this incident, including the charge of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The case proceeded to trial, and, on June 16, 2004, a jury found Bailey guilty of this count.

The Presentence Report ("PSR") prepared for Bailey recommended that he be sentenced as an armed career criminal in light of his several prior Tennessee convictions for cocaine trafficking, as well as his prior Tennessee conviction for felony reckless endangerment. Consequently, Bailey's sentencing range under the United States Sentencing Guidelines was calculated to be 262-327 months of imprisonment.

The district court agreed that Bailey should be sentenced as an armed career criminal and imposed a sentence of 262 months of imprisonment, to be followed by three years of supervised release. Bailey appealed his sentence to this court, and this court remanded the case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).

On remand, the district court again concluded that Bailey should be sentenced as an armed career criminal. This time, however, the district court took advantage of its discretion under *Booker*

to impose a below-Guidelines sentence. After considering the 18 U.S.C. § 3553 sentencing factors, the district court determined that a sentence of 262 months was too severe in light of the fact that Bailey had been very young when he committed the prior crimes at issue, and that most of Bailey's prior crimes had been perpetrated ten years prior to his most recent offense. Therefore, the district court varied downward to impose a sentence of 204 months of imprisonment, to be followed by three years of supervised release.

**II.**

The district court correctly determined that Bailey should be sentenced as an armed career criminal in light of his prior convictions for felony reckless endangerment and cocaine trafficking. Section 924(e) of the ACCA requires that a defendant convicted of violating 18 U.S.C. § 922(g) be sentenced to no less than fifteen years of imprisonment if he has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). A defendant receiving an enhanced sentence under § 924(e) is also treated as an armed career criminal under the Sentencing Guidelines. U.S.S.G. § 4B1.4(a). Where, as here, an armed career criminal possesses a firearm in connection with a crime of violence, U.S.S.G. § 4B1.4(b)(3)(A) and (c)(2) provide for an offense level of 34 and a criminal history category of VI.

Because Bailey has the requisite three violent felonies or serious drug offenses, he qualifies as an armed career criminal for purposes of the ACCA, and, consequently, the Sentencing

Guidelines.[1] First, Bailey's conviction for felony reckless endangerment constitutes a conviction for a violent felony. A crime is considered a violent felony, and thus may serve as an ACCA predicate offense, if it is punishable by imprisonment of more than one year and either:

> (i) has as an element the use, or attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 924(e)(B). A Tennessee state conviction for felony reckless endangerment necessarily "involves conduct that presents a serious potential risk of physical injury to another." Under § 39-13-103 of the Tennessee Code, a person commits felony reckless endangerment when, using a deadly weapon, he "recklessly engages in conduct that places or may place another person in imminent danger of death or serious bodily injury." Because no scenario exists in which an individual could commit felony reckless endangerment without creating a serious risk of harm to others, this crime constitutes a violent felony "as a matter of law." *See United States v. Caldwell*, No. 99-6031, 2000 WL 1888682, at *11 (6th Cir. Dec. 19, 2000); *see also United States v. Rutledge*, 33 F.3d 671, 674 (6th Cir. 1994).

---

[1]In its appellate brief, the government argued that Bailey waived his ability to challenge his status as an armed career criminal by failing to raise that issue during his prior appeal to this court. The government, however, did not offer this waiver argument to the district court on remand, and the district court rejected Bailey's arguments in this regard on the merits. Because the district court correctly did so, as we explain below, we need not rely on Bailey's failure to raise the issue on his first appeal, nor need we determine whether such a hurdle survived the government's failure to raise it below.

Second, at least two of Bailey's three cocaine trafficking crimes were serious drug offenses and "committed on occasions different from one another," as required by § 924(e). Bailey does not dispute that these convictions, two for selling cocaine and one for possessing cocaine with intent to sell, constitute convictions for serious drug offenses. Rather, he asserts that the crimes underlying these convictions should be treated as only one ACCA predicate offense, meaning that he has at most two ACCA predicate offenses and cannot be classified as an armed career criminal. Bailey bases this contention on the fact that the three crimes were perpetrated within five days of each other, with one sale occurring on November 24, 1995 and the other sale and possession occurring on November 28, 1995.

Bailey's argument that the two sales occurred on the same occasion is without merit. This court has repeatedly held that drug sales occurring on different days may properly be considered separate criminal episodes for purposes of § 924(e). In *United States v. Roach*, 958 F.2d 679, 683-84 (6th Cir. 1992), for example, this court held that a defendant's sales of methaqualone, first on March 11, 1981, and then again on March 26, 1981, were distinct criminal occurrences. *See also James v. United States*, 217 F. App'x 431, 440-41 (6th Cir. 2007) (cocaine sales on May 24, 1984 and June 10, 1984 were committed on occasions different from one another); *United States v. White*, No. 05-6737, 2007 WL 1217960, at *3 (6th Cir. April 25, 2007) (deliveries of cocaine on July 28, 1994 and August 2, 1994 constituted separate criminal episodes). Because this determination gives Bailey the required three ACCA predicate offenses, it is unnecessary to address whether his possession of cocaine on November 28 was a separate episode.

This understanding is not affected by recent amendments to U.S.S.G. §§ 4A1.1 and 4A1.2, which address the counting of multiple prior sentences for purposes of criminal history computation under the Guidelines. Before the adoption of these amendments, a defendant's prior sentences were treated as one sentence under the Guidelines where those sentences were imposed in "related cases." U.S.S.G. § 4A1.2(a)(2) (2006). However, the Sentencing Commission found that the phrase "related cases" provided little guidance to courts and had proved confusing. *See* U.S.S.G., Supplement to Appendix C, Amend. 709. Consequently, the November 2007 amendments did away with that language, replacing it with the terms "single" and "separate" sentences, and provided for more detailed guidelines for determining whether sentences should be counted together. *See* § 4A1.2(a)(2) (2007). Section 4A1.2(a)(2) currently states that sentences are to be classified as separate if they were imposed for crimes that were separated by an intervening arrest. If no such arrest occurred, however, that section now requires multiple sentences to be counted as a single sentence if they were imposed on the same day or if they resulted from crimes contained in the same charging instrument. *Id.*

We decline Bailey's invitation to adopt this approach for determining whether two crimes constitute separate episodes under the ACCA. The amendments to U.S.S.G. §§ 4A1.1 and 4A1.2 do not purport to alter the section of the Guidelines dealing specifically with the sentencing of armed career criminals, let alone the ACCA. Indeed, such an importation would be inappropriate given the different schemes for calculating criminal history under the Guidelines and for determining armed career criminal status under the ACCA. When multiple sentences are consolidated as a "single"

sentence under the Guidelines, the consolidated sentences, though they may be given less weight, are not necessarily removed from the criminal history computation. Under § 4A1.1(f), a defendant may still receive up to an additional three criminal history points for all of his consolidated prior sentences that resulted from crimes of violence. And, if counting multiple sentences as one sentence causes a defendant's criminal history score not to reflect adequately his criminal history's seriousness, § 4A1.3 permits the district court to grant an upward departure. *See also* U.S.S.G., Supplement to Appendix C, Amend. 709. Under the ACCA, on the other hand, a prior conviction must either be counted in full as a predicate offense or not counted at all. Consequently, it does not make sense to adopt the broad of view of relatedness used for calculating criminal history under the Guidelines to determine whether offenses are distinct under the ACCA.

Moreover, even assuming that the Sentencing Commission had for some reason intended to alter the manner in which the ACCA is interpreted, the Commission cannot, by changing the Guidelines, alter a statute passed by Congress. This court has long held that the fact that multiple crimes are not separated by an arrest or that a defendant was sentenced for those crimes on the same day is not determinative of whether such offenses were committed on different occasions under the ACCA. *See White*, 2007 WL 1217960, at *3 (collecting cases). Such precedent should not be overruled without some clear indication from Congress.

**III.**

Furthermore, the sentence imposed by the district court was not unreasonably excessive. This court reviews a sentence, regardless of whether it is inside or outside of the Guidelines range, under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). In so doing, this court examines the sentence for both procedural soundness and substantive reasonableness. *See id.*

The district court did not commit significant procedural error in sentencing Bailey. The district court did not "fail[] to calculate (or improperly calculat[e]) the Guidelines range, treat[] the Guidelines as mandatory, fail[] to consider the § 3553(a) factors, select[] a sentence based on clearly erroneous facts, or fail[] to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." *See id.* The record demonstrates that the district court considered the properly calculated Guidelines range, and appreciated the advisory nature of the Guidelines. The record also reveals that the district court explained how all of the § 3553(a) factors weighed in Bailey's case. Moreover, it is evident from the record that, in imposing a below-Guidelines sentence, the district court "consider[ed] the extent of the deviation and ensure[d] that the justification [wa]s sufficiently compelling to support the degree of the variance." *See id.* The variance, the district court explained, was justified by the fact that Bailey was a young man when he committed most of his prior crimes and that most of those offenses had been committed more than ten years prior to the commission of his most recent offense.

Bailey's argument that the district court did not adequately consider his sentence's severity is without merit. It is clear from the record that the district court considered the reasons for imposing a higher sentence, such as the number of Bailey's prior crimes and the serious nature of many of them, as well as the reasons for imposing a lower sentence, such as Bailey's age at the time of those offenses and the fact that he had generally refrained from criminal activity in recent years.

Bailey's sentence of 204 months of imprisonment is also substantively reasonable. A sentence may be substantively unreasonable "when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007) (quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)). Where a district court determines that a variance is warranted by the § 3553(a) factors, that decision is entitled to due deference. *Gall*, 128 S. Ct. at 597. A presumption of reasonableness would apply if Bailey's sentence were within the advisory Guidelines range, *see United States v. Vonner*, — F.3d —, No. 05-5295, 2008 WL 320773, at *6 (6th Cir. Feb. 7, 2008) (en banc), and it follows from simple logic that the *below*-Guidelines sentence in this case is presumed not to be unreasonably severe.

The record indicates that the district court considered the relevant § 3553(a) factors and the appropriateness of a variance, and did not give undue weight to any one § 3553(a) factor, base Bailey's sentence on improper factors, or arbitrarily select that sentence. Rather, as discussed, the district court addressed the application of all of the § 3553(a) factors at length and considered Bailey's mitigating circumstances before imposing a sentence.

Moreover, contrary to defendant's argument, it was not an abuse of discretion for the district court to impose a sentence that was below the Guidelines, yet above the statutory minimum. The district court reasonably determined that, in light of Bailey's age at the time of his prior offenses and his ten-year abstention from serious crime, a below-Guidelines sentence was appropriate. As the Supreme Court observed in *Gall v. United States*, 128 S. Ct. at 601, a defendant's youth, though it does not absolve him of responsibility, may weigh in support of a lower sentence in some cases. Similarly, it was reasonable for the district court to conclude from Bailey's abstention from crime that he should not be punished quite as severely as other recidivists under § 4B1.4, as this fact suggests that he tried to turn his life around and thus may not pose the same danger to society that he once did. However, because Bailey committed up to four ACCA predicate offenses, has been convicted of fourteen different crimes, and many of his crimes, including the present one, involve serious risks to the community, it was also reasonable for the district court to conclude that a sentence exceeding the statutory minimum was necessary.

**IV.**

For the foregoing reasons, we affirm the sentence imposed by the district court.