**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 09a0400n.06**

**No. 08-3010**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jun 04, 2009**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DWAINE LAMAR WRIGHT, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GUY, GILMAN, and COOK, Circuit Judges.

COOK, Circuit Judge. Dwaine Wright appeals his conviction and sentence for illegally possessing a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He challenges (1) the denial of his motion to suppress the firearm; (2) the denial of his motion for acquittal; (3) the court's refusal to give a requested jury instruction; (4) the denial of provisional sentencing; and (5) the reasonableness of his sentence. We affirm.

I.

Wright, a convicted felon, signed a parole agreement that required him to report to Officer Scott Donley of the Ohio Adult Parole Authority. The agreement mandated that Wright provide a

current address, complete substance-abuse training, abide by the law, and notify Donley of any address change or contact with law enforcement. Wright also agreed:

> [T]o a search, without warrant, of my person, my motor vehicle or my place of residence by a supervising officer or other authorized representative of the Department of Rehabilitation and Correction at any time. Notice: Pursuant to Section 2967.131 of the Revised Code, officers of the Adult Parole Authority may conduct warrantless searches of your person, place of residence, personal property or any property that you have been given to use if they have reasonable grounds to believe that you are not abiding by the law or terms and conditions of your supervision.

On July 31, 2003, Officer Donley discovered that Wright had failed to disclose several outstanding warrants—a clear violation of his parole. Wright likewise failed to complete substance-abuse counseling and did not submit the required urine tests. Concluding that Wright violated his parole, Donley obtained an arrest warrant and went to 474 Kilmer Street—the address Wright provided—with several officers. They found Wright on the front porch with another convicted felon, Rodney Chambers.

Donley arrested Wright and searched the residence pursuant to the parole agreement and Ohio Revised Code § 2967.131(C), which permits officers to:

> [S]earch, with or without a warrant, the person of the individual or felon, the place of residence . . . if the field officers have reasonable grounds to believe that the individual or felon . . . is not abiding by the law, or otherwise is not complying with the terms and conditions of . . . parole . . . ."

Wright at first objected to the search—claiming that he sub-leased the residence to Chambers—but later admitted that he was the lawful tenant. Notwithstanding the objection, Donley entered the home and searched the front bedroom. The search uncovered abundant evidence that Wright lived in the room, including a utility bill, social security check, and other items bearing Wright's name. Donley also discovered a loaded pistol bearing Wright's fingerprint in the dresser.

A grand jury indicted Wright for illegally possessing a firearm as a convicted felon. 18 U.S.C. §§ 922(g)(1) and 924(e). Wright moved to suppress the pistol, but the district court denied his motion. He then stipulated to each element of § 922(g)(1) except possession. At the close of the defense case, Wright also moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. He failed, however, to renew his motion after the Government's rebuttal case. The court also denied Wright's request for a modified jury instruction on constructive possession pursuant to *United States v. Beverly*, 750 F.2d 34 (6th Cir. 1984). The jury found Wright guilty.

After trial, Wright moved for a psychiatric examination and the district court held several hearings. Nevertheless, the court relied on the testimony of three doctors in concluding that Wright could serve his prison term. The court then denied Wright's request for a downward departure due to diminished capacity and sentenced him to 220 months—below the 235–293 month Guidelines range. Wright timely appealed.

II.

Beginning with the denial of Wright's motion to suppress, we review the district court's factual findings for clear error and application of law de novo. *United States v. Loney*, 331 F.3d 516, 520 (6th Cir. 2003). Heeding the Supreme Court's directive that states have a "special need" to supervise probationers, *Griffin v. Wisconsin*, 483 U.S. 868, 875 (1987), we apply a two-pronged test to determine whether the search passes Fourth Amendment muster, *Loney*, 331 F.3d at 520. We first "examine whether the relevant regulation or statute pursuant to which the search was conducted satisfies the Fourth Amendment's reasonableness requirement." *Id.* Next, we "analyze whether the facts of the search itself satisfy the regulation or statute at issue." *Id.*

Because the *Loney* Court previously held O.R.C. § 2967.131(C) constitutional, *id.* at 521, we turn to the second prong of the *Loney* test asking whether Officer Donley had "reasonable grounds to believe that [Wright] . . . [was] not abiding by the law, or otherwise [was] not complying with the terms and conditions of . . . parole." § 2967.131(C). Wright violated his parole in several ways: he failed to undergo substance-abuse counseling; failed to submit urine samples; failed to abide by the law (incurring multiple warrants); and failed to notify Donley of encounters with law enforcement. This litany of wrongdoing supplied ample reason to believe that searching Wright's home would reveal further parole violations. The district court did not err in denying the motion to suppress.

III.

Turning to Wright's motion for acquittal, we find that he waived his right to appeal. A defendant who does not move for acquittal at the close of all evidence—including after the

prosecution's rebuttal case—waives the issue subject only to plain-error review. *United States v. Rigsby*, 943 F.2d 631, 644 (6th Cir. 1991). Wright concedes that he did not so move after the Government's rebuttal case.

Wright also fails to establish plain error. He stipulated to every element of the § 922(g) charge except possession. Either "actual" or "constructive" possession may support a conviction, and the government may prove possession by circumstantial evidence. *United States v. Castano*, 543 F.3d 826, 837 (6th Cir. 2008). Here, abundant circumstantial evidence—personal papers, mail, and a fingerprint—tied Wright to the room and constructive possession of the pistol. *See United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008) ("[C]onstructive possession exists when the defendant . . . 'knowingly has the power and intention at a given time to exercise dominion and control over an object, either directly or through others.'") (quoting *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973)).

IV.

Wright also sought a jury instruction, pursuant to *United States v. Beverly*, 750 F.2d 34 (6th Cir. 1984), that a fingerprint does not prove possession of a weapon where the defendant lacks exclusive control over the area searched. We review the court's refusal to give an instruction for abuse of discretion, and find such abuse only where the proposed instruction is (1) correct, (2) not substantially covered by the charge, and (3) so important that failure to give it substantially impairs

the defense. *United States v. Blood*, 435 F.3d 612, 623–24 (6th Cir. 2006).

Refusal to give a *Beverly* instruction did not substantially impair Wright's defense. *Beverly*, a sufficiency-of-the-evidence case, merely applied the legal definition of constructive possession to its facts; it did not modify that definition. *See United States v. Gill*, 75 F. App'x 322, 326 (6th Cir. 2003). Moreover, unlike the facts in *Beverly*, compelling evidence ties Wright to possession of the pistol. And regardless, the court allowed Wright to present his *Beverly*-based defense to the jury; his attorney devoted his closing argument to disputing possession. Consequently, the district court's refusal to give the instruction was not an abuse of discretion.

V.

Moving on to Wright's sentencing challenges, he insists that the district court should have "provisionally sentenced" him to confinement in a mental health facility, rather than incarceration, pursuant to 18 U.S.C. § 4244(d). Provisional sentencing is appropriate if "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect." *Id.* Both parties concede that we should review the district court's decision for clear error. *See United States v. Prescott*, 920 F.2d 139, 146 (2d Cir. 1990).

While Wright continues to argue evidence of mental illness, he fails to support his contention that the district court clearly erred. The court based its decision on the uncontested views of three experts who evaluated Wright and agreed that he could serve his sentence without further care or

treatment.  These well-supported findings do not exhibit clear error.

VI.

Finally, Wright challenges his sentence as "harsh and excessive."  But we will not disturb a sentence unless it is either procedurally or substantively unreasonable.  *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007).  A sentence may be procedurally unreasonable "if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration."  *Id.* (quoting *United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007)).  As for the substantive component, a sentence may be unreasonable "where the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor."  *Liou*, 491 F.3d at 337 (internal citation, quotation marks, and alterations omitted).  A sentence that falls within the applicable Guidelines range carries a presumption of reasonableness.  *Id.*

First, Wright contends that the district court improperly sentenced him as an armed career offender under 18 U.S.C. § 924(e).  The district court found that Wright's three prior burglary convictions were "violent felonies" because burglary presents "a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  Wright, however, argues that "the Ohio burglary statute does not meet the appropriate standard" to apply the enhancement.  The case he relies on,

*United States v. Bernal-Aveja*, 414 F.3d 625 (6th Cir. 2005), does not help him; the enhancement did not apply to Bernal-Aveja because the court relied on prior *indictments* for burglary, not convictions. *See id.* at 628. Burglary convictions are violent felonies because "[t]he main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party." *James v. United States*, 550 U.S. 192, 203 (2007) (affirming the application of the residual clause to a Florida attempted-burglary statute). Consequently, we discern no error in the court's finding that Wright is an armed career offender.

Second, Wright contends that his sentence is unreasonable because the district court refused to grant a downward departure due to his diminished capacity. We will not review a court's decision not to depart downward "unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005) (quoting *United States v. Stewart*, 306 F.3d 295, 329 (6th Cir. 2002)). Here, the record reflects no such thing.

Third, Wright's persistence in characterizing the sentence as "harsh and excessive" raises the question of substantive reasonableness. Nevertheless, his 220-month sentence was well below the Guidelines range of 235–293 months. Simple logic insists that the same presumption of reasonableness afforded to within-Guidelines sentences likewise attaches to Wright's below-

Guidelines sentence.  *See United States v. Bailey*, 264 F. App'x 480, 485 (6th Cir. 2008).  Wright

does not rebut this presumption, and so we hold the sentence reasonable.

## VII.

We affirm Wright's conviction and sentence.