NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0247n.06

No. 09-1945

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 20, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| GUILLERMO SAMANO-PADILLA, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant.* | ) | |

BEFORE:    COLE and STRANCH, Circuit Judges; and ZATKOFF, District Judge.[*]

**COLE, Circuit Judge.** Defendant-Appellant Guillermo Samano-Padilla appeals his sentence of 156 months' imprisonment for conspiracy to distribute and possess with the intent to distribute cocaine and heroin, arguing that the sentence is substantively unreasonable. We **AFFIRM**.

## I. BACKGROUND

Samano-Padilla is a citizen of Mexico who entered the United States unlawfully in 1998. From November 2006 to September 2008, Samano-Padilla was involved in an interstate drug-trafficking ring that transported cocaine and heroin from Chicago, Illinois and distributed it in Western Michigan. On March 2, 2009, he pleaded guilty to conspiracy to distribute and possess with

---

[*]The Honorable Lawrence P. Zatkoff, United States District Court for the Eastern District of Michigan, sitting by designation.

intent to distribute more than 5 kilograms of cocaine and 1 kilogram of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(i), and (b)(1)(A)(ii). The total amount of drugs attributable to Samano-Padilla was 39.05 kilograms of cocaine, 89.82 ounces of heroin, and 1.4 kilograms of marijuana.

The district court calculated Samano-Padilla's United States Sentencing Guidelines ("Guidelines") range at 188 to 235 months based on criminal history category I and an offense level of 36. Samano-Padilla was also subject to a mandatory minimum of 120 months. The district court partially granted Samano-Padilla's request for a variance to the mandatory-minimum, sentencing him to 156 months' imprisonment and five years of supervised release. Samano-Padilla timely appealed.

## II. ANALYSIS

### A. Standard of Review

This Court reviews a district court's sentencing determination for reasonableness under a deferential abuse-of-discretion standard. *United States v. Studabaker*, 578 F.3d 423, 430 (6th Cir. 2009) (citing *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007)). Reasonableness includes both procedural and substantive components. *Gall v. United States*, 552 U.S. 38, 51 (2007). Samano-Padilla only challenges the substantive reasonableness of his sentence.

The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the factors in 18 U.S.C. § 3553(a). *See United States v. Tristan-Madrigal*, 601 F.3d 629, 632 (6th Cir. 2010). "'A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.'" *Id.* at 633 (quoting

*United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008) (internal quotation marks and alterations

omitted)).  A sentence within the Guidelines range "warrants a presumption of reasonableness."

*United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009).  Although "[a] sentence outside

the Guidelines carries with it no legal presumption," *United States v. Vowell*, 516 F.3d 503, 509 (6th

Cir. 2008) (citing *Rita v. United States*, 551 U.S. 338, 355 (2007)), a defendant with a below-

Guidelines sentence faces a high burden in establishing that his sentence is unreasonably severe,

*United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008); *United States v. Bailey*, 264 F. App'x 480,

485 (6th Cir. 2008); *cf. United States v. Wright*, 332 F. App'x 257, 261 (6th Cir. 2009) (affording

a presumption of reasonableness to a below-Guidelines sentence).

### B. Substantive Reasonableness

Samano-Padilla first contends that his sentence is substantively unreasonable because it is

greater than necessary to accomplish the sentencing goals in 18 U.S.C. § 3553(a).  He has advanced

a number of reasons why a mandatory-minimum sentence would be sufficient.  But "[t]he fact that

the appellate court might reasonably have concluded that a different sentence was appropriate is

*insufficient* to justify reversal of the district court." *Gall*, 552 U.S. at 51 (emphasis added).  A district

court abuses its discretion when it imposes an unreasonable sentence, *see id.*; a defendant cannot

establish that his sentence is unreasonable simply by asserting that a lesser sentence would have been

sufficient to accomplish the sentencing goals.  *See, e.g.*, *United States v. Dexta*, 470 F.3d 612, 616

(6th Cir. 2006).

Samano-Padilla also argues that the district court placed unreasonable emphasis on the

general seriousness of the type of the offense and did not accord sufficient weight to a number of

other factors: Samano-Padilla's lack of criminal history, steady work history, close family relationships, imminent deportation upon release, and the fact that the amount of drugs involved, although technically in offense level 36, was just over the limit for offense level 34. The district court fully addressed these factors when considering Samano-Padilla's request for a variance. Finding that offense level 36 adequately represented the seriousness of the offense, but that the other factors cited by Samano-Padilla showed his genuine remorse and low risk of reoffending, the district court found that a variance was appropriate. The court then determined that Samano-Padilla's requested sentence of 120 months was too low to provide just punishment for such a serious offense and imposed a sentence of 156 months instead.

In doing so, the district court did not place unreasonable weight on the seriousness of the offense. As the district court acknowledged, "the scale of drug activity in this case is significant." (Sentencing Hr'g Tr., Dist. Ct. Docket No. 150, at 20.) Moreover, Samano-Padilla was not a mere street-corner dealer, but held a supervisory role within an interstate drug conspiracy. Given these facts, and that a sentence as high as 235 months would have been presumed reasonable, Samano-Padilla has not met his burden of establishing that his sentence is unreasonably severe.

### III. CONCLUSION

For the foregoing reasons, Samano-Padilla's sentence is **AFFIRMED**.