NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  11a0256n.06

No. 10-5096

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Apr 20, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **WILLIAM AUBREY TROTTER**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:     COLE, STRANCH, Circuit Judges; and ZATKOFF, District Judge.[*]

**COLE, Circuit Judge**.  Defendant-Appellant William Aubrey Trotter appeals his sentence of 81 months' imprisonment for possessing a firearm as a felon, arguing that the sentence is substantively unreasonable.  We **AFFIRM**.

## I.  BACKGROUND

On January 9, 2009, a team of local and federal law-enforcement officers were conducting surveillance on an apartment complex in Nashville where gang-related shootings had recently occurred, when the officers observed Trotter patting his waistband and overheard him make statements which led them to believe that Trotter was armed.  Trotter left the apartment complex in the passenger seat of a Saab sedan and the officers followed, eventually pulling the Saab over for a

---

[*] The Honorable Lawrence P. Zatkoff, United States District Court for the Eastern District of Michigan, sitting by designation.

traffic violation. In a conversation with one of the officers Trotter volunteered that until recently he had been incarcerated on a drug conviction and, when questioned further, admitted that he had a firearm in the front of his waistband. The officer recovered the firearm and searched Trotter outside the vehicle, finding ammunition and a few small bags of cocaine and marijuana.

On July 13, 2009, Trotter pleaded guilty to one count of possessing a firearm as a felon in violation of 18 U.S.C.§ 922(g)(1). The district court calculated Trotter's United States Sentencing Guidelines ("Guidelines") range at 92-115 months' imprisonment, but sentenced him to 81 months, granting in part his request for a variance based on the harsh conditions of confinement Trotter endured in the local jail where he was held awaiting trial and the valuable service he provided by blowing the whistle on those conditions in a related case. The district court declined to vary further from the Guidelines range based on evidence of abuse Trotter suffered as a child. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

We review a district court's sentencing determination for reasonableness under a deferential abuse-of-discretion standard. *United States v. Studabaker*, 578 F.3d 423, 430 (6th Cir. 2009) (citing *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007)). Reasonableness includes both procedural and substantive components. *Gall v. United States*, 552 U.S. 38, 51 (2007). Trotter challenges only the substantive reasonableness of his sentence.

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with" the factors in 18 U.S.C. § 3553(a). *See United States v. Tristan-Madrigal*, 601 F.3d

629, 632 (6th Cir. 2010). "'A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.'" *Id.* at 633 (quoting *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008) (internal quotation marks and alterations omitted)). A sentence within the Guidelines range "warrants a presumption of reasonableness." *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). Although "[a] sentence outside the Guidelines carries with it no legal presumption," *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008) (citing *Rita v. United States*, 551 U.S. 338, 355 (2007)), a defendant with a below-Guidelines sentence faces a high burden in establishing that his sentence is unreasonably severe, *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008); *United States v. Bailey*, 264 F. App'x 480, 485 (6th Cir. 2008); *cf. United States v. Wright*, 332 F. App'x 257, 261 (6th Cir. 2009) (affording a presumption of reasonableness to a below-Guidelines sentence).

## B. Substantive Reasonableness

Trotter urges that his sentence is substantively unreasonable because the district court declined to vary further downward from the advisory Guidelines range to account for the terrible abuse Trotter suffered as a child. This argument, though Trotter does not so specify, amounts to a claim that the district court did not give enough weight to an aspect of the defendant's history and characteristics under § 3553(a)(1). *See Tristan-Madrigal*, 601 F.3d at 632 ("A sentence is substantively unreasonable if the district court . . . gives an unreasonable amount of weight to any pertinent [sentencing] factor.") But the sentencing transcript makes clear that the district court did not act unreasonably in finding that the mitigated culpability resulting from Trotter's abusive

childhood was outweighed by the need to protect the public from the risk that Trotter would return to a life a crime. That this balance was tipped based on the district court's assessment of Trotter's lengthy criminal history—that is, data evincing a substantial probability that Trotter would recidivate—underscores the reasonableness of the district court's sentencing calculus. And Trotter's effort to undermine the district court's reliance on that history by characterizing his past offenses as non-violent is belied by the descriptions attending his crimes in the Presentence Investigation Report, which note the presence of firearms incident to many of Trotter's drug-related offenses.

Finally, we agree with the district court that the abuse Trotter suffered in childhood was "horrific." (Sentencing Tr., Dist. Ct. Docket No. 63, at 37.) But the district court's judgment that the present effects of Trotter's past had to give way to the need of the public to be protected from his propensity to break the law is squarely within its discretion to make.

### III. CONCLUSION

For the reasons above, Cole's sentence is **AFFIRMED**.