NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0715n.06

No. 10-5349

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Oct 18, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| CHRISTOPHER L. SIMPSON | ) | O P I N I O N |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:     BATCHELDER, Chief Judge; SILER and COLE, Circuit Judges.

COLE, Circuit Judge.  Defendant-Appellant Christopher L. Simpson appeals his 84-month sentence imposed by the district court.  Simpson's sole claim on appeal is that his sentence is substantively unreasonable.  We disagree, and AFFIRM.

I.

In April 2007, Simpson pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) and one count of possessing a firearm after a misdemeanor domestic assault conviction in violation of 18 U.S.C. § 922(g)(9) and 924(a)(2). The United States Probation and Pretrial Services office prepared a Presentence Investigation Report and, based on a total offense level of 23 and a Criminal History Category VI, calculated Simpson's United States Sentencing Guidelines ("Guidelines") range to be 92 to 115 months' imprisonment. Simpson requested a downward departure based on his troubled childhood, longstanding drug

addiction, and handicapped son. Finding that the circumstances of Simpson's childhood warranted a lower sentence, the district court granted Simpson a one-level downward departure under Guidelines § 5K2.0. This changed Simpson's Guidelines range to 84 to 105 months. The district court sentenced him to 84 months of imprisonment for each count, to run concurrently. Simpson appealed. Finding procedural error, this Court vacated Simpson's sentence and remanded "for resentencing to allow the court to consider Simpson's mitigation arguments with full recognition of its authority to vary from the Guidelines range." *United States v. Simpson*, 346 F. App'x 10, 17 (6th Cir. 2009).

At Simpson's resentencing, the district court repeatedly acknowledged the advisory nature of the Guidelines and its authority to vary from the advisory Guidelines range. After discussing each of the § 3553(a) factors in the context of Simpson's case, the court reimposed the same one-level downward departure and 84-month sentence. Simpson appeals, claiming that his sentence is substantively unreasonable.

II.

A. Standard of Review

Sentences are reviewed for reasonableness under "'a deferential abuse-of-discretion standard . . . .'" *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This inquiry has both a procedural and a substantive component. *Lapsins*, 570 F.3d at 772 (citing *Gall*, 552 U.S. at 51).

B.  Substantive Reasonableness

A sentence is substantively unreasonable if "the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (citation and quotation marks omitted).  The "touchstone" of substantive reasonableness review is "whether the length of the sentence is reasonable in light of the § 3553(a) factors." *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008).  "A sentence outside the Guidelines carries with it no legal presumption," *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008) (citing *Rita v. United States*, 551 U.S. 338, 355 (2007)), but "a defendant with a below-Guidelines sentence faces a high burden in establishing that his sentence is unreasonably severe . . . ." *United States v. Trotter*, 418 F. App'x 482, 483 (6th Cir. 2011) (citing *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008); *United States v. Bailey*, 264 F. App'x. 480, 485 (6th Cir. 2008)); *cf. United States v. Baker*, 380 F. App'x 465, 470 (6th Cir. 2010) ("It follows that where a district court varies below a presumptively reasonable guidelines sentence, a defendant's burden to show that the more lenient sentence is unreasonable is even more demanding.") (internal quotation marks and citation omitted).

Simpson claims that the district court failed to give *adequate* weight to his "history and characteristics," § 3553(a)(1), specifically his troubled childhood, drug addiction, and disabled child. However, the district court discussed these circumstances with Simpson at his resentencing hearing and explained that it was granting the downward departure based upon them.  The district court additionally noted that Simpson's lengthy criminal history was also a part of his "history and

characteristics," which demonstrated Simpson's lack of respect for the law and high risk of recidivism. This was a reasonable determination given Simpson's extensive criminal history, which included multiple convictions for drug possession and domestic assault. Indeed, the district court was required to consider these factors, *see* § 3553(a)(2) (courts must consider the need for the sentence "to promote respect for the law . . . [and] afford adequate deterrence to criminal conduct"), and Simpson has not shown that the district court unreasonably focused on these factors. Accordingly, we cannot say that the district court abused its discretion by not imposing a lower sentence. *See Lapsins*, 570 F.3d at 772; *cf. United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006) (explaining that it is "beyond the scope of our appellate review . . . [to determine] whether in the first instance we would have imposed the same sentence").

Nor does Simpson's second contention persuade us that his sentence is substantively unreasonable. Simpson claims that the district court gave too much weight to the advisory Guidelines. However, as we have previously explained, "[a]mong the sentencing factors the district court must consider, . . . the Guidelines hold a special place . . . ." *United States v. Thomas*, 395 F. App'x 168, 174 (6th Cir. 2010). This is because "the Guidelines should be the starting point and the initial benchmark" of any sentencing proceeding, *Gall*, 552 U.S. at 49, and because the Guidelines "purport to take into consideration most, if not all, of the other § 3553(a) factors," *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). Simpson does not point to anything in the record indicating that the district court gave the Guidelines an unreasonable amount of weight but rather claims that Guidelines § 2K2.1 lacks empirical support and, therefore, is entitled to little deference. Although Simpson is correct that it is within our discretion to consider this policy challenge even

though he did not raise it before the district court, we decline the invitation. The district court made it clear at Simpson's resentencing that it understood that the Guidelines range was purely advisory, and even departed from that range to give Simpson a lower sentence based on the mitigating aspects of his background. Given the deferential abuse-of-discretion standard with which we review sentences, *see Lapsins*, 570 F.3d at 772, we cannot say the sentence imposed here was substantively unreasonable.

III.

For the reasons set forth above, we AFFIRM Simpson's sentence.