*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0153P (6th Cir.)
File Name: 02a0153p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

-------------------

UNITED STATES OF AMERICA,
        *Plaintiff-Appellant,*

        *v.*

No. 00-4186

WILLIE F. PARSON III,
        *Defendant-Appellee.*

-------------------

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 99-00024—Edmund A. Sargus, Jr., District Judge.

Argued and Submitted: November 29, 2001

Decided and Filed: May 3, 2002

Before: RYAN, BOGGS, and DAUGHTREY, Circuit
Judges.

-------------------

**COUNSEL**

**ARGUED:** Gary L. Spartis, ASSISTANT UNITED
STATES ATTORNEY, Columbus, Ohio, for Appellant.
**ON BRIEF:** Gary L. Spartis, ASSISTANT UNITED
STATES ATTORNEY, Columbus, Ohio, for Appellant.
Larry Wayne Thomas, THOMAS & DIXON, Columbus,
Ohio, for Appellee.

1

BOGGS, J., delivered the opinion of the court, in which DAUGHTREY, J., joined. RYAN, J. (p. 9), delivered a separate opinion concurring in part and dissenting in part.

––––––––––––––––––

**OPINION**

––––––––––––––––––

BOGGS, Circuit Judge. The United States appeals the application of the sentencing guidelines to Appellee, Parson, a federal prisoner. The United States claims that Parson should have been sentenced as a career offender as defined in USSG §4B1.1. We agree, and we therefore reverse the determination of the district court as to this point and remand for resentencing.

I

Between August 18, 1998, and September 25, 1998, undercover agents were able to purchase 33 grams of crack cocaine and eight grams of heroin from Parson as part of an Ohio Bureau of Criminal Investigation joint investigation with the Drug Enforcement Administration and the Department of Housing and Urban Development.

On August 18, 1998, an undercover agent purchased 16 grams of crack from Parson with $2,000 worth of food stamps and $100 in cash. On August 20, 1998, an undercover agent sold Parson $5,000 worth of food stamps in exchange for $2,300 in cash and one gram of crack. On January 24, 1999, Parson was arrested.

Parson entered a guilty plea to two counts of an indictment; the first count was for the distribution of over 5 grams of crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), while the second was for unlawful possession of food stamps, in violation of 7 U.S.C. § 2024(b)(1).

According to the presentence investigation report, the total offense level for the offense of conviction was 25, with a

criminal history category of V, yielding a guideline imprisonment range of 100-125 months.

Parson's sentencing occurred over two separate dates, August 3, 2000, and August 17, 2000. Determining whether Parson was a career offender under the Guidelines proved difficult. Parson had committed two prior felonies, a robbery and a felonious assault (during which he hit a detective on the head with a statue). He was sentenced for robbery on March 1, 1985, and assault on March 19, 1985. He received a suspended sentence of 3 to 15 years in prison, and was placed on probation for 5 years.

Parson's probation was revoked on September 24, 1985, for receiving stolen property. He was paroled on January 29, 1990. His parole was revoked again on June 21, 1991. He was paroled on November 16, 1992, but revoked yet again on Feburary 15, 1994. The defendant was last paroled on June 15, 1998, and was on parole during the instant offense.

The district court rejected the government's argument that Parson should be considered a career offender, relying on the analysis in the PSR. Parson was sentenced to 100 months in prison, as well as five years of supervised release. The United States filed a notice of appeal on September 19, 2000.

## II

USSG §4B1.1 reads:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall

apply. A career offender's criminal history category in every case shall be Category VI.

United States Sentencing Commission, *Guidelines Manual*, §4B1.1 (Nov. 1998). Definitions for the elements listed above are supplied by USSG §4B1.2, which defines a crime of violence as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG §4B1.2(a)(1),(2).

> The same section defines "controlled substance offense" as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense.

USSG §4B1.2(b).

> Finally, the term "two prior felony convictions" is defined as:

> (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.*, two felony convictions of a crime

### CONCURRING IN PART, DISSENTING IN PART

RYAN, Circuit Judge, concurring in part and dissenting in part. While I agree that the defendant's sentence must be vacated and that he be resentenced, I do not join in the majority's direction to the district court that the defendant must be sentenced as a career offender. Instead, I would merely vacate the sentence for the reasons stated in the majority opinion and remand for resentencing, leaving it to the district court to determine, after necessary fact finding, whether the defendant is eligible for sentencing as a career offender.

Such fact finding would necessarily include a determination as to precisely what "term of imprisonment [was] imposed [following] revocation" of the defendant's parole in 1991 and 1994. U.S.S.G. § 4A1.2(k)(1). The Sentencing Guidelines require courts considering a defendant's eligibility for career offender status to add the "term of imprisonment imposed upon revocation" of probation or parole to the "original term of imprisonment." *Id.* That cannot be done in this case unless the trial court first identifies the "term of imprisonment" imposed upon Parson following revocation of his parole.

Therefore, I would remand to the district court for the necessary fact finding and determination whether the defendant should be sentenced as a career offender.

his time spent in jail due to probation and parole revocations under Application Note 11, under USSG §4A1.2(k)(2)(B)(iii), the other of his sentences would become "any other case" (*i.e.*, not an adult sentence for 13 months as specified in USSG §4A1.2(k)(2)(B)(i)), and therefore the time period in USSG §4A1.2(e) would begin to run at the time of the imposition of the original sentence. If all of the time Parson was incarcerated is applied to the first sentence, the second sentence, in effect, would be treated as if Parson had served no time at all on that sentence. This sentence would be, therefore, a sentence of less than a year and a month. As a sentence of less than a year and a month, the second sentence would not be counted because (1) the time started in 1985 (USSG §4A1.2(k)(2)(B)(iii)) and (2) the time period would be 10 years, since the sentence of imprisonment for the second sentence would be less than one year and one month, and would fall under USSG §4A1.2(e)(2) ("Any prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.").

This was the path taken by the district court below. The district court would be correct if Parson's parole had been revoked only once. However, Parson's parole was revoked on multiple occasions. On each revocation, according to the application note, the additional time sentenced is to be added to the sentence that would create the greatest increase in criminal history points. Therefore, the time added from the first revocation (over 4 years) would apply to only one of the two prior felonies. However, the second time that parole was revoked (and the rule applied again), the additional time (over 1 year) would be applied to the second of the two prior felonies, and so on. Since each of these two sentences would finally be over one year and one month, both should be counted.

### III

The district court's judgment as to Parson's career offender status is therefore REVERSED and the case REMANDED for resentencing.

of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b) or (c).

USSG §4B1.2(c).

Parson does not dispute his age (above 18), or that the two prior convictions (robbery and assault) were crimes of violence. The only question is whether, since Parson's parole for both offenses was revoked at the same time, the sentences for the two felony convictions are counted separately under §4A1.1(a), (b), or (c), as is required by §4B1.2(c)(2).[1]

USSG §4A1.1, the section designating criminal history categories, reads:

The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

(a) Add **3** points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).

---

[1] There is some confusion in the briefs as to the import of the actual length of Parson's sentence in determining career offender status under USSG §4B, since Parson's probation for both offenses was revoked at the same time. The length of sentence actually imposed helps to sort a criminal's history into the §4A1.1(a), (b), or (c) categories, and also determines (see below) the time period during which a sentence can be counted. The actual length of a sentence has no bearing on a USSG §4B analysis other than the USSG §4B1.2(c) requirements. Application note 1 to USSG §4B1.2 notes that a "prior felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony *and regardless of the actual sentence imposed.* USSG §4B1.2, comment. (n.1).

(c)  Add **1** point for each prior sentence not counted in (a) or (b), up to a total of **4** points for this item.

USSG §4A1.1(a),(b),(c) (emphasis in original).

Which offenses are counted requires analysis of several other guidelines sections.  First, USSG §4A1.2(e) states the applicable time period within which the prior sentences must fall:

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted.  Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

(2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

USSG §4A1.2(e).  Thus, all sentences imposed within the ten years before the instant offense are counted.  Sentences of 13 months or more are counted if they were imposed or resulted in incarceration at any time during the 15 years before the instant offense.

An examination of USSG §4A1.2(k) is also required, as it deals with how to treat parole revocations.  The section reads:

(1)  In the case of a prior revocation of probation . . . add the original term of imprisonment to *any* term of imprisonment imposed upon revocation.  The resulting total is used to compute the criminal history points for §4A1.1(a),(b), or (c), as applicable.

USSG  §4A1.2(k)(1)  (emphasis  added).    USSG §4A1.2(k)(2)(B) then determines the starting date of the counting period on the basis of the length of the combined sentence:

[F]or purposes of determining the applicable time period, use the following: (i) in the case of an adult term of imprisonment totaling more than one year and one month, the date of last release from incarceration on such sentence . . . ; and (iii) in any other case, the date of the original sentence.

USSG §4A1.2(k)(2)(B)(i),(iii).

The final piece in the statutory puzzle comes from Application Note 11 to USSG §4A1.2.  This note states, in relevant part:

Section 4A1.2(k) covers revocations of probation and any other conditional sentences where the original term of imprisonment imposed, if any, did not exceed one year and one month . . . .   Where a revocation applies to multiple sentences . . . add the term of imprisonment imposed upon revocation to the sentence that will result in the greatest increase in criminal history points. *Example*: A defendant was serving two probationary sentences . . .; probation was revoked on both sentences as a result of the same violation conduct; and the defendant was sentenced to a total of 45 days of imprisonment.  If one sentence had been a "straight" probationary sentence and the other had been a probationary sentence that had required service of 15 days of imprisonment, the revocation term of imprisonment (45 days) would be added to the probationary sentence that had the 15-day term of imprisonment.  This would result in a total of 2 criminal history points under §4A1.1(b) (for the combined 60-day term of imprisonment) and 1 criminal history point under §4A1.1(c) (for the other probationary sentence).

USSG §4A1.2, comment. (n.11).

Parsons can therefore argue that under USSG §4A1.2(e) and (k), one of his felony convictions should not be counted at all, as it falls outside of the applicable time period.  The argument is that if one of his sentences were to soak up all of