**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0644n.06

**No. 09-4461**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KEITH M. WAGNER,

      Defendant-Appellant.

                                /

**FILED**

*Aug 31, 2011*

LEONARD GREEN, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

BEFORE:    BOGGS and CLAY, Circuit Judges; TARNOW, District Judge.[*]

**CLAY, Circuit Judge.**   Defendant Keith Michael Wagner appeals his sentence on conviction of one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  Defendant argues on appeal that his 1989 conviction for aggravated assault and burglary, for which he was charged as an adult when he was 17 years old, should not be counted as a predicate offense for the purposes of the career offender enhancement, United States Sentencing Guidelines § 4B1.1.  Defendant also argues that the conviction should not have been scored in calculating his criminal history category.

For the reasons set forth below, we **AFFIRM** the sentence imposed by the district court.

---

[*]The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

## BACKGROUND

On November 14, 2008, Defendant Keith Michael Wagner entered a Canton, Ohio branch of Huntington Bank. When he reached the teller's window, he placed a black bag on the counter and demanded that the teller hand over "large bills" with "no dye packs." (Def.'s Br. at 5.) The teller complied by handing over approximately $3,826.00, and Defendant exited the bank.

Defendant was arrested by Florida authorities on November 26, 2008, and turned over to federal custody on December 24, 2008, to face a one count indictment for bank robbery, in violation of 18 U.S.C. § 2113(a). On April 7, 2009, the district court ordered the preparation of a pre-plea Presentence Investigation Report ("PSR"). On July 1, 2009, Defendant pleaded guilty to bank robbery, without the benefit of a written plea agreement.

As outlined in the PSR, Defendant's base offense level was 20, pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2B3.1(a). He received a two level increase because the offense involved the funds of a financial institution, pursuant to U.S.S.G. § 2B3.1(B)(1). The career offender enhancement was applied to Defendant and his offense level was adjusted to 32, pursuant to U.S.S.G. § 4B1.1(b)(C). After applying a three level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, Defendant's adjusted total offense level was 29.

Defendant was scored 13 criminal history points for prior offenses. He received two additional points, pursuant to U.S.S.G. § 4A1.1(d), because he was on supervised release at the time of the instant offense; he received an additional point because the offense occurred less than two years following his last release from custody, pursuant to U.S.S.G. § 4A1.1(e). Defendant's 16 total

criminal history points equated to a Criminal History Category VI.[1] Thus, his recommended advisory Guidelines sentencing range of 151 to 188 months of incarceration. The PSR noted that, absent the career offender enhancement, Defendant's advisory Guidelines range would have been 63 to 78 months. Defendant registered no objections to the calculations in the PSR.

Defendant filed two sentencing memoranda with the district court. In the first, Defendant argued for a rejection of the career offender designation, and requested a downward variance based on 18 U.S.C. § 3553(a) factors, including his abusive childhood and the impact that his juvenile conviction for aggravated assault and burglary had on his Guidelines range. (R. 27: Def.'s Sent. Mem.) In his supplemental memorandum, Defendant argued that he was mis-scored in the PSR for several prior offenses, and that his two prior convictions for bank robbery should have been counted together for the purposes of the career offender enhancement. (R. 28: Def.'s Supp. Sent. Mem. at 1-2.)

Defendant was sentenced on November 9, 2009. The district court addressed Defendant's argument that the court should vary from Defendant's recommended sentence as a career offender because he was a juvenile at the time of a predicate offense, stating:

> I have examined the defendant's arguments, and I have to say that while I often
> believe that the application of the career offender status seems unduly harsh and
> inappropriate, this to me appears to be the classic case where the policy
> determination made by the sentencing commission seems to fit. The defendant,
> while he may have committed his first qualifying offense back at the age of 17 . . .
> it doesn't change the fact that this defendant under any definition is a career offender.
> He keeps committing crime after crime. Every time he is released from custody he

---

[1]The career offender enhancement did not affect this calculation, as Defendant's Criminal History Category with the enhancement would have also been VI.

commits another crime. In this particular sentence he was only on supervised release for a very short period of time.

And so while I have taken into account all of the defendant's personal circumstances, as well as the defendant's argument regarding the harsh means of counting the juvenile offense towards the defendant's criminal status, the Court ultimately concludes that it is appropriate to do so. And this defendant is appropriately considered to be a career offender.

I note that the offense did not occur when he was 13, 14 or 15, but when he was already 17. I note that the juvenile offense was for aggravated assault, which is . . . itself a substantial offense. And I note that the defendant since then has committed multiple bank robberies, including this one. As I said, he has not shown himself to be amenable to any form of supervision by the state or the Federal Court.

And so for all those reasons the Court finds that it is appropriate to characterize the defendant as a career offender. And it is appropriate to consider application of that career offender status and the resulting higher guideline range for this defendant in these circumstances.

(Sent. Tr. at 13-15.) After reviewing the § 3553(a) factors and addressing Defendant's arguments regarding his abusive childhood and difficult time finding a vocation as an adult, the district court imposed a sentence of 160 months of incarceration. The district court additionally imposed upon Defendant a 24 month sentence of incarceration for violation of his supervised release, to be served consecutively to the sentence imposed in the instant case. Defendant now appeals.

## ANALYSIS

### I.      Standard of Review

We review a sentence for both procedural and substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "We review a district court's legal conclusions regarding the Sentencing Guidelines *de novo*," and its findings of fact for clear error. *United States v. Moon*, 513 F.3d 527, 539-40 (6th Cir. 2008).

As an exception, "[w]here a party has failed to object to a procedural defect, we review claims of procedural unreasonableness for plain error." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010). Plain error is "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal citations and quotation marks omitted).

A sentence may be procedurally unreasonable if the district court erred in "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. at 51. It may be substantively unreasonable if the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)).

Defendant argues that the district court erred by improperly scoring Defendant's 1989 conviction for aggravated assault and burglary, committed when he was 17 years old, for the purposes of calculating his criminal history and applying the career offender enhancement. Defendant's argument is as follows:

> The Guidelines require that criminal history and career offender calculations must look to the original sentence imposed. USSG § 4A1.2(a)(1), (b)(1) & comment. (nn. 1-2). Mr. Wagner's probation-only sentence received at the age of seventeen must be considered under section 4A[1].1(c). *Id.* § 4A1.2(b)(1), comment. (n.2). Because that probation-only sentence was imposed more than five years before the conduct that led to his federal sentence, it cannot be counted as a "prior sentence" for

purposes of calculating criminal history. *Id*. § 4A1.1(c), comment. (n.3); § 4A1.1(d), comment. (n.7). Because the sentence cannot be counted under § 4A1.1, it is unavailable as a predicate for career offender status. USSG § 4B1.2(c).

(Def.'s Br. at 6-7.)

As the government correctly notes, Defendant failed to raise this technical challenge before the district court, in either his original or supplemental sentencing memorandum. Instead, Defendant argued that his 1989 conviction should not be scored under the Guidelines for policy reasons. Moreover, Defendant failed to raise this particular objection at his sentencing hearing when afforded an opportunity by the district court to raise additional objections.

While we take no position regarding Defendant's contention that the treatment of "a probation-only conviction received at the age of seventeen as a predicate for career offender status" is "an issue of first impression" in this Circuit, (Reply at 1), we disagree that this is the issue now presented for us to decide. Instead, the question before us is whether Defendant's sentence of incarceration for a probation violation, stemming from such a "probation-only" conviction received when Defendant was 17 years old, was properly scored under the Guidelines and applied for the purposes of the career offender enhancement.

Consequently, we review Defendant's challenges to his criminal history calculation for plain error, and his substantive unreasonableness arguments for an abuse of discretion.

## II. Procedural Reasonableness: Calculation of Defendant's Guidelines Sentencing Range

Defendant's PSR listed, as an adult offense, his 1989 conviction for aggravated assault and burglary. (PSR ¶ 27.) Included under this entry is Defendant's October 11, 1989 sentence of seven

years of probation, and his July 20, 1990 probation revocation and sentence of seven years of incarceration.[2] The PSR indicates that Defendant was paroled on September 9, 1996. (*Id.*) The PSR attributed three criminal history points to this offense, pursuant to U.S.S.G. § 4A1.1(a).

Though Defendant argues that the PSR inaccurately reflects the amount of time he actually served on the probation violation, Defendant admits that he "did 17 months in Georgia, and I was 17 years old, I got out and stayed out almost five years straight, except for a year or so I did on [a] technical violation." (Sent. Tr. at 22.) By Defendant's own admission, then, he served approximately two years of incarceration on the probation violation.

Defendant now argues that because he was initially sentenced to probation in 1989, the offense should only be scored one point, pursuant to U.S.S.G. § 4A1.1(c). (Def.'s Br. at 12.) Defendant argues that because this one-point offense occurred more than five years prior to the instant offense, and was "imposed for an offense committed prior to the defendant's eighteenth birthday," it cannot be counted under U.S.S.G. § 4A1.1(c). (*Id.*)

The government takes no position regarding what Defendant's criminal history calculation would have been had his 1989 conviction not resulted in a probation violation and subsequent incarceration. Instead, the government argues that, "Wagner's sentence of seven years of imprisonment after his probation was revoked counts as a 'prior offense' and was within the 15-year

---

[2]Though Defendant refers to this as a "probation-only sentence," this description is not completely accurate. Defendant was convicted in the Ben Hill County Superior Court in Georgia. Under Georgia law, a court "in its discretion shall impose sentence upon the defendant but may stay and suspend the execution of the sentence or any portion thereof or may place him on probation under the supervision and control of the probation supervisor for the duration of such probation." Ga. Code Ann. § 42-8-34(c) (West 1989). Therefore, Defendant's sentence was for probation, but subject to a term of incarceration.

limit as set forth in § 4A1.2(e)(1) of the Guidelines." (Pl.'s Br. at 6.) Therefore, the government argues, it was properly scored as part of Defendant's criminal history and properly used as a predicate offense under the career offender enhancement.

### A.     Scoring of Offenses for Criminal History Level

Defendant was scored three points for an offense that encompassed both his 1989 conviction and 1990 probation violation.[3] (PSR ¶ 27.) A defendant's Criminal History Level is determined by reference to Chapter Four of the Guidelines. Under § 4A1.1(a), the district court is required to "[a]dd 3 points [to the criminal history score] for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). The commentary to this section instructs that "[t]he definitions and instructions in § 4A1.2 govern the computation of criminal history points." U.S.S.G. § 4A1.1 cmt.

Two § 4A1.2 definitions are relevant to the calculation of Defendant's 1989 conviction and probation violation. Section 4A1.2(d)(1), entitled "Offenses Committed Prior to Age Eighteen," instructs that "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence." Section 4A1.2(k)(1) addresses "Revocations of Probation," and instructs the court to "add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable."

In this case, Defendant committed an offense prior to the age of eighteen. In 1989, he was sentenced to seven years of probation. In 1990, upon the revocation of his probation, he was

---

[3]As in the PSR, the 2008 editions of the Guidelines are used herein.

sentenced to seven years of incarceration for the offense. Adding the original term of imprisonment (0 years) to the "term of imprisonment imposed upon revocation," as per U.S.S.G. § 4A1.2(k)(1), yields a total "sentence of imprisonment" of seven years, which exceeds one year and one month. *See United States v. Galvan*, 453 F.3d 738, 740 (6th Cir. 2006) ("'§ 4A1.2(k)(1) contemplates that, in calculating a defendant's total sentence of imprisonment for a particular offense, the district court will aggregate any term of imprisonment imposed because of a probation violation with the defendant's original sentence of imprisonment, *if any*.'" (quoting *United States v. Glover*, 154 F.3d 1291, 1294 (11th Cir. 1998) (emphasis added)).

Because, by his own admission and the information reported in the PSR, Defendant was last released from incarceration on the 1989 conviction on September 9, 1996 (*see* Def.'s Br. at 17), his continued incarceration falls within the applicable fifteen year time period outlined in U.S.S.G. § 4A1.2(e)(1). *See United States v. Parson*, 288 F.3d 818, 822 (6th Cir. 2002) (clarifying treatment of multiple probation revocations under the Guidelines).

Reading these provisions together, it is clear that a sentence of more than one year and one month of incarceration, imposed for a probation revocation on an adult conviction for an offense committed prior to a defendant reaching the age of eighteen, some portion of which was served during the fifteen years preceding the instant offense, is scored three points under the Guidelines. Therefore, the district court properly concluded that the Guidelines mandated the addition of three points to Defendant's criminal history score for his 1989 offense of aggravated assault and burglary.[4]

---

[4]Defendant urges this Court to "appl[y] existing Guideline provisions in keeping with the *Roper-Graham* restrictions on maximizing punishment for youthful conduct." (Def.'s Br. at 10.) This argument is more appropriately analyzed as a policy argument, and for that reason is discussed

Defendant is correct that his 1989 conviction and sentence of probation, absent a revocation, would have fallen under the instructions provided in U.S.S.G. § 4A1.1(c), and that "[b]ecause that probation-only sentence was imposed more than five years before the conduct that led to his federal sentence, it cannot be counted as a 'prior sentence' for purposes of calculating criminal history." (Def.'s Br. at 6-7.) But because Defendant's probation was revoked, and he "actually served a period of imprisonment," U.S.S.G. § 4A1.2 cmt. n.2, Defendant's analysis in inapplicable and his appeal therefore fails.

### B.  Predicate Offense for Career Offender Enhancement

Under the Guidelines,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

Defendant does not contest that he was 36 years old at the time of the instant offense or that the instant offense is a crime of violence. Therefore, the only issue before this Court is whether the district court erred in finding that Defendant had two prior felony convictions for a crime of violence or controlled substance offense. Under the relevant portion of U.S.S.G. § 4B1.2:

---

further in a later section of this opinion. Proper calculation of a defendant's Guidelines range is a threshold procedure that the district court must undertake before it can vary from those Guidelines. *See Gall*, 552 U.S. at 49 ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."); *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (stating that "district courts must treat the Guidelines as the 'starting point and the initial benchmark.'").

> The term "two prior felony convictions" means . . . the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

U.S.S.G. § 4B1.2(c)(2). In addition to his 1989 offense of aggravated assault and burglary, Defendant had two convictions for armed bank robbery and an additional conviction for bank robbery by force. (PSR ¶¶ 29-30.)

Defendant argues that because his 1989 offense should not have been scored as part of his criminal history, it also cannot be used as a predicate offense under U.S.S.G. § 4B1.1 to determine career offender status. Because we have determined that the conviction was properly scored as part of his criminal history calculations, Defendant's argument here must also fail.

Alternatively, Defendant contends that his "probation violation and [June 26, 1990] theft and escape charges were consolidated, with the concurrent sentencing imposed on the same day. Therefore, the offenses could not be counted separately against Mr. Wagner under the Guidelines. USSG § 4A1.2(a)(2)(B)." (Def.'s Br. at 15.) This argument cannot prevail. The Guidelines are explicit that "[i]f . . . at the time of [probation] revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation." U.S.S.G. § 4A1.2 n.11. Such was the situation in this case. Therefore, the district court correctly applied the career offender enhancement to Defendant's sentence.

### C.    Discretion to Vary Based on Public Policy

Defendant argues that, as a matter of public policy, "Guideline application should reflect the *Graham-Rope*r [*Graham v. Florida*, ___ U.S. ___, 130 S. Ct. 2011 (2010) and *Roper v. Simmons*,

11

543 U.S. 551 (2005)] reliance on empirical evidence of juveniles' reduced neurological and developmental capacity and resulting diminished culpability by barring maximal punishment for youthful conduct." (Def.'s Br. at 6.) The district court's refusal to vary Defendant's sentence based on these policy considerations constitutes, Defendant argues, an abuse of discretion.

As a factual matter, Defendant is not being punished under the career offender enhancement for his juvenile crimes, which might, perhaps, implicate the reasoning underlying the Supreme Court's decisions in *Graham* and *Roper*. Instead, Defendant is being punished both for the instant offense—bank robbery—and for what the legislature clearly perceives as his decision to make a career out of offending. The Supreme Court's decisions in *Roper* and *Graham* are premised, at least in part, on the idea that juvenile offenders deserve the possibility of a second chance; Defendant's career offender enhancement is premised on the fact that Defendant has used his second, third, and forth chances to commit further serious offenses. *Cf. Graham*, 130 S. Ct. at 2030 ("A State is not required to guarantee eventual freedom to a juvenile offender . . . . What the State must do, however, is give . . . [juvenile offenders] some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.").

Although the district court may vary from the Guidelines range based on policy disagreements, *see United States v. Herrera-Zuniga*, 571 F.3d 568, 585 (6th Cir. 2009), the district court is not required to do so when it does not share the Defendant's particular policy concerns. *See United States v. Brooks,* 628 F.3d 791, 800 (6th Cir. 2011) ("[T]he fact that a district court *may* disagree with a Guideline for policy reasons and *may* reject the Guidelines range because of that disagreement does not mean that the court *must* disagree with that Guideline or that it *must* reject

the Guidelines range if it disagrees."). We have held that "when a district court observes that the Guidelines are advisory and provides no indication that policy disagreements are not a proper basis to vary, then a sentence within the Guidelines range remains presumptively reasonable on appeal." *United States v. Simmons*, 587 F.3d 348, 364 (6th Cir. 2009).

During Defendant's sentencing, the district court acknowledged its "discretion to disagree with the sentencing commission on this proposition if the Court chooses to do so." (Sent. Tr. at 13.) Because there is no question that the district court recognized its discretion to consider the circumstances surrounding Defendant's 1989 offense, and to vary from the Guidelines based on policy disagreement, the district court did not abuse its discretion by declining to grant Defendant's motion for a downward variance on that basis.

### III.    Substantive Reasonableness: Application of Career Offender Enhancement

Defendant argues that his sentence is substantively unreasonable because "[e]mpirical evidence demonstrates that the risk of recidivism decreases, and the likelihood of desistence increases, as older defendants such as Mr. Wagner age," and as such, "[t]he career offender enhancer is unjustified on its face, and unreasonable as applied in this case." (Def.'s Br. at 17-18.)

This Court has previously addressed similar *Roper* arguments regarding the career offender enhancement, and has stated:

> Relying on *Roper v. Simmons*, [the defendant] argues that, for the same reasons of diminished culpability that we no longer execute those who are under 18 when they commit their crimes, courts should give consideration to the immaturity of a defendant at the time of the predicate offenses when rendering a sentence enhanced or based on previous criminal convictions. This type of generalized argument cannot succeed given the presumption that a within-Guidelines sentence is reasonable. If [the defendant] were correct that *Roper* generally requires sentencing courts to discount convictions for offenses committed when under the age of 18, then a

sentence reached without such discounting presumptively would be unreasonable—
*even though it follows the Guidelines.* . . . [G]iven the presumption of reasonableness [afforded to within-Guidelines sentences] it is plain that [the defendant] cannot prevail on appeal by propounding a generalized challenge to the Guidelines on policy grounds.

*United States v. Prado*, 228 F. App'x. 542, 548 (6th Cir. 2007) (internal citation omitted).

During Defendant's sentencing hearing the district court expounded, at length, its considerations in rejecting Defendant's public policy argument. These considerations included the fact that "[Defendant] keeps committing crime after crime," that Defendant "was only on supervised release for a very short period of time" before committing the instant offense, that "the juvenile offense was for aggravated assault, which is for itself a substantial offense," that "[D]efendant since then has committed multiple bank robberies," and that Defendant "has not shown himself to be amenable to any form of supervision by the state or the Federal Court." (Sent. Tr. at 13-15.) Consequently, the district court found that Defendant's generalized public policy arguments regarding the treatment of juvenile offenses did not outweigh Defendant's individualized factors, which the district court determined made the imposition of the career offender enhancement appropriate.

That Defendant styles his claim as a facial challenge to the career offender enhancement whenever a juvenile crime is used as a predicate offense does not change the district court's calculus. As we recently made clear, substantive reasonableness does not require a "district court . . . on its own initiative, [to] examine the underlying bases for a Guideline before imposing a sentence." *Brooks*, 628 F.3d at 800. Therefore, the district court's failure to weigh the empirical evidence, or

lack thereof, utilized in crafting the career offender enhancement does not constitute substantive unreasonableness.

For these reasons, and because Defendant offers no other arguments regarding the substantive unreasonableness of his sentence, the district court did not abuse its discretion in sentencing Defendant to a within-Guidelines sentence.

## CONCLUSION

The 160 month sentence imposed by the district court was both substantively and procedurally reasonable. The district court properly calculated Defendant's criminal history score and advisory sentencing range under the Guidelines, and the district court acknowledged its authority to vary from the Guidelines based on policy concerns and addressed Defendant's argument for a downward variance based on the fact the one of Defendant's predicate offenses was committed when he was a juvenile. We therefore hereby **AFFIRM** the sentence imposed by the district court.