**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 19a0514n.06

No. 18-5521

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 11, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff–Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| PATRICK HARRIS, | ) | |
| | ) | |
| **Defendant–Appellant.** | ) | **OPINION** |
| | ) | |

**Before: MOORE, MCKEAGUE, and LARSEN, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Patrick Harris pleaded guilty to possessing child pornography, and the district court sentenced him to eighty months of imprisonment. Harris now appeals this sentence on the grounds that it is procedurally and substantively unreasonable. For the reasons set forth in this opinion, we **AFFIRM** the sentence of the district court.

## I. BACKGROUND

In November 2014, an FBI detective was working to identify individuals possessing and sharing known images of child pornography using peer-to-peer file sharing software. R. 85 (Change of Plea Hr'g Tr. at 18) (Page ID #378).[1] The detective identified a computer associated with a certain Internet protocol (IP) address as having one such image available for download. *Id.* Pursuant to an administrative subpoena, the detective identified the subscriber to this IP address

---

[1]Harris stipulated to the facts as recited herein at his change of plea hearing. R. 85 (Change of Plea Hr'g Tr. at 19) (Page ID #379).

as Patrick Harris of Collierville, Tennessee. *Id.* Upon agents' execution of a search warrant at his residence, Harris admitted to using the Internet and peer-to-peer file sharing programs to look for, obtain, and share child pornography. *Id.* at 19 (Page ID #379); R. 40 (PSR ¶ 9) (Page ID #108). Agents seized numerous electronic devices from Harris's home, which included more than 1,000 image files of prepubescent and pubescent minors engaging in sexually explicit conduct. R. 85 (Change of Plea Hr'g Tr. at 19) (Page ID #379).

Harris pleaded guilty to one count of possession of child pornography. R. 85 (Change of Plea Hr'g Tr. at 13, 21) (Page ID #373, 381). At his sentencing, he made one material objection to the presentence report: a proposed, five-level sentencing enhancement for distribution of material with an expectation of value in return. R. 40 (PSR ¶ 24) (Page ID #125); R. 56 (Sentencing Hr'g Tr. at 89, 13) (Page ID #193–94, 198). The district court agreed with Harris that this sentencing enhancement should not apply, and instead applied a two-level enhancement for "knowingly engag[ing] in distribution," without objection from Harris. R. 56 (Sentencing Hr'g Tr. at 12) (Page ID #197); U.S.S.G. § 2G2.2(b)(3)(F). The parties confirmed there were no other objections to the presentence report, and the court adopted all matters in this report as findings of fact. R. 56 (Sentencing Hr'g Tr. at 12) (Page ID #197). The court then explained that in addition to a base offense level of 18 and the two-level distribution enhancement, it would add two levels for material involving minors under the age of 12 (§ 2G2.2(b)(2)), four levels for images involving sadistic or masochistic activities (§ 2G2.2(b)(4)), two levels for the use of a computer (§ 2G2.2(b)(6)), and five levels for the offense's involvement of over 600 images (§ 2G2.2(b)(7)(D)). R. 56 (Sentencing Hr'g Tr. at 12) (Page ID #197). The court also applied a

three-level reduction for acceptance of responsibility. *Id.* The court then provided a lengthy explanation of the basis for its sentence pursuant to 18 U.S.C. § 3553(a), and sentenced Harris to eighty months of imprisonment, followed by a five-year term of supervised release. *Id.* at 46 (Page ID #231). After the sentence was imposed, Harris's attorney did not object to the judgment. *Id.* at 51 (Page ID #236).

## II.  DISCUSSION

### A.  Standard of Review

We review criminal sentences for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Typically, this review is conducted under an abuse-of-discretion standard. *United States v. Novales*, 589 F.3d 310, 314 (6th Cir. 2009). If, however, a party fails to object to the sentence pronounced by the district court when given an opportunity, a claim of procedural unreasonableness is reviewed only for plain error. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc). As this court explained in *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004):

> [D]istrict courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, [must] ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised. If the district court fails to provide the parties with this opportunity, they will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal.

*Id.* at 872 (footnote omitted). The parties appear to agree that Harris did not object at his sentencing hearing when given the opportunity, and that plain-error review therefore applies to his procedural reasonableness challenge. Plain error requires (1) an "error or defect," (2) that is "clear or obvious," and (3) that "affect[s] the appellant's substantial rights, which in the ordinary case means

3

he must demonstrate that it 'affected the outcome of the district court proceedings.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 732–34 (1993)). "[I]f the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Olano*, 570 U.S. at 736). "Unlike objections to the procedural reasonableness of a sentence," however, "the defendant need not object to the substantive reasonableness of a sentence in the district court in order to preserve the issue for appeal." *United States v. Massey*, 663 F.3d 852, 857 (6th Cir. 2011).

**B. Procedural Reasonableness**

A sentencing court commits procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. Harris argues that the district court committed procedural error in 1) applying a two-level enhancement in U.S. Sentencing Guidelines ("U.S.S.G.") § 2G2.2(b)(3)(F) based on insufficient evidence, and 2) applying other enhancements in U.S.S.G. § 2G2.2(b) that were "out of proportion with the offense conduct." Appellant Br. at 26. We consider these arguments in turn.

**1. Application of U.S.S.G. § 2G2.2(b)(3)(F)**

Harris first argues that the application of U.S.S.G. § 2G2.2(b)(3)(F)—which adds a two-level enhancement if the defendant "knowingly engaged in distribution" of child pornography—

was improper as there was no evidence in the record of his "knowing" exchange or sharing of illicit material with other users. Appellant Br. at 18. Although Harris's attorney successfully challenged the application of a more severe enhancement under U.S.S.G. § 2G2.2(b)(3), *see* R. 56 (Sentencing Hr'g Tr. at 89, 13) (Page ID #193–94, 198), she did not dispute the applicability of the enhancement Harris now challenges. The following colloquy from the sentencing hearing illuminates this point:

> **The Court:** What's your position on the two-level enhancement?
>
> **Ms. McClusky:** If I had to make a choice between five and two, I would certainly go for two. My preference is nothing, but I can certainly see that there were the exchanges and—but—
>
> **The Court:** But it's, you know, 2G2.2B3F does appear to me . . . to otherwise apply; would you agree?
>
> **Ms. McClusky:** Yes. Yes, Your Honor.

R. 56 (Sentencing Hr'g Tr. at 11) (Page ID #196). On appeal, Harris argues for the first time that this enhancement was improper due to a lack of evidence in the record regarding his "knowing[] . . . distribution" of child pornography. U.S.S.G. § 2G2.2(b)(3)(F). In support of this argument, he cites his agreement at the change of plea hearing with the government's statement that he "admitted to using the Internet and peer-to-peer file sharing programs to look for and obtain child pornography," R. 85 (Change of Plea Hr'g Tr. at 19) (Page ID #379), in an apparent attempt to highlight the absence of any reference to "distribution" in this statement.

As Harris himself acknowledges, however, the presentence report—the accuracy of which he did not dispute at sentencing—indicates that Harris admitted not only to obtaining child pornography but also to sharing it with others. Specifically, the presentence report states that

"Harris admitted to downloading child pornography from peer-to-peer file sharing programs, such as eMule and Bit Torrent, to search, obtain, and share child pornography."  R. 40 (PSR ¶ 9) (Page ID #108).  Even more to the point:  "Harris further stated some individuals obtained images and movies from him."  *Id.* ¶ 9 (Page ID #108).  On appeal, Harris criticizes the district court's reliance on "unsworn, second hand information" from the presentence report, which he argues was "inferior in quality."  Appellant Br. at 18.  It is well established under Sixth Circuit precedent, however, that "when facts in the presentence report are undisputed, the district court can rely on them for purposes of sentencing."  *United States v. Brandon*, 736 F. App'x 573, 575 (6th Cir. 2018); *see* Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact.").  Harris does not contend that the district court should have made factual findings under a preponderance of the evidence standard, nor could he.  "[T]he defendant must actively raise the dispute during the sentencing hearing before the district court's duty to find facts arises."  *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007).  As we have previously explained, "[w]e can find no reason to require a district court to make independent findings outside the PSR when the facts are undisputed."  *United States v. Treadway*, 328 F.3d 878, 886 (6th Cir. 2003).

In any event, it is unclear how the quoted portions of the presentence report are "contradictory" to Harris's admission at the change of plea hearing that he "use[d] . . . peer-to-peer file sharing programs to look for and obtain child pornography."  R. 85 (Change of Plea Hr'g Tr. at 19) (Page ID #379); Appellant Br. at 34.  At no point during the change of plea hearing did Harris deny distributing child pornography to other individuals; his statements to the FBI agents

confirming that he shared child pornography with others thus supplement—but do not

"contradict"—his more limited admission about "look[ing] for and obtain[ing] child pornography"

at the change of plea hearing.  R. 85 (Change of Plea Hr'g Tr. at 19) (Page ID #379).

For the foregoing reasons, the district court did not commit error in applying the two-level

enhancement for knowing distribution.

### 2.  Application of other enhancements in U.S.S.G. § 2G2.2(b)

Harris next argues that the district court erred in its application of four other enhancements

under U.S.S.G. § 2G2.2(b):  the two-level enhancement for material involving minors under the

age of 12 (§ 2G2.2(b)(2)), the four-level enhancement for images involving sadistic or masochistic

activities (§ 2G2.2(b)(4)), the two-level enhancement for the use of a computer (§ 2G2.2(b)(6)),

and the five-level enhancement for the offense's involvement of over 600 images

(§ 2G2.2(b)(7)(D)).

Harris argues that the "rote application" of these enhancements "not only serves to

drastically increase sentences of even first time offenders with non-contact offenses, [but also]

consequently fails to comport with the overarching sentencing principle of 18 U.S.[C.] § 3553(a)"

to impose a sentence that is sufficient but not greater than necessary to further the purposes of

sentencing.  Appellant Br. at 23.  Harris appears to argue that the application itself of these

enhancements was erroneous.  *Id.* at 24 ("He was clearly prejudiced by the application of these

enhancements.").  He also argues that it was error "for the sentencing court to select the sentence

of 80 months based, in part, on the application of guidelines that rendered an even higher

recommended sentence because the selected sentence did not 'promote respect for the law' nor did it 'provide just punishment for the offense.'" *Id.* at 24–26.

These arguments are unpersuasive. First, to the extent Harris claims that the district court erred in ignoring the Sentencing Commission's criticism of U.S.S.G. § 2G2.2(b) and applying its enhancements in calculating the proper Guidelines range, he misunderstands the nature of procedural reasonableness. Although the Supreme Court's decisions following *United States v. Booker*, 543 U.S. 220 (2005), "make clear that a district court may in appropriate cases impose a non-Guidelines sentence based on a disagreement with the Commission's views," *Pepper v. United States*, 562 U.S. 476, 501 (2011), "[p]roper calculation of a defendant's Guidelines range is a threshold procedure that the district court must undertake before it can vary from those Guidelines." *United States v. Wagner*, 429 F. App'x 596, 602 n.4 (6th Cir. 2011). Second, even if Harris had preserved the argument that the district court should have varied downward more significantly for policy reasons, "the district court is not required to do so when it does not share the Defendant's particular policy concerns." *Id.* at 603. Because we conclude that there was no error in the district court's application of these enhancements, there is no need to complete the plain-error analysis.

We do note, however, that even if the enhancements in U.S.S.G. § 2G2.2(b) were updated, as Harris desires, to "differentiate[] between offenders based on specific characteristics of their offense and their persons," Appellant Br. at 21, such an update may not have benefited him. As Harris notes, the Sentencing Commission's 2012 report recommending modifications to the existing guidelines explains that § 2G2.2(b) should be updated to account for "other aspects of an

offender's collecting behavior reflecting his culpability." United States Sentencing Commission, *Federal Child Pornography Offenses* at 323 (2012), https://www.ussc.gov/research/congressional-reports/2012-report-congress-federal-child-pornography-offenses. For example, the report mentions "the extent to which an offender catalogued his child pornography collection by topics such as age, gender, or type of sexual activity depicted." *Id.* In this case, Harris searched for subject matter matching several of these topics, mirroring the type of "catalogu[ing]" the 2012 report describes. R. 40 (PSR ¶ 10) (Page ID #108) (search terms); R. 56 (Sentencing Hr'g Tr. at 12) (Page ID #197) (confirming no objection to the presentence report). The Commission's recommendations also emphasize "the duration of an offender's collecting behavior," 2012 Report at 323, and although the presentence report does not indicate precisely how long Harris had possessed and distributed child pornography, it does include his acknowledgment that he was addicted to child pornography and that this addiction "come[s] and goes." R. 40 (PSR ¶ 9) (Page ID #108). Harris also acknowledged at his plea allocution that he had been viewing child pornography for a lengthy period of time. R. 85 (Change of Plea Hr'g Tr. at 19–20) (Page ID #379–80); R. 56 (Sentencing Hr'g Tr. at 34) (Page ID #219) (noting that Harris had admitted "to being addicted to child pornography on and off for years"). In all, it is unclear that Harris would have fared any better under potential, updated sentencing enhancements for child pornography offenders.

For the foregoing reasons, the district court did not commit error in applying various enhancements under U.S.S.G. § 2G2.2(b).

## C. Substantive Reasonableness

Because we conclude there was no procedural error below, we turn to Harris's contention that the district court's sentence was substantively unreasonable. Harris argues that a sentence of eighty months was "out of proportion with what is necessary" to further the statutory sentencing goals. Appellant Br. at 26, 34.

"The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). In considering whether the § 3553(a) factors justify the sentence, we apply a presumption of reasonableness to within-Guidelines sentences. *Vonner*, 516 F.3d at 389–90. "'[I]t follows from simple logic' that a below-Guidelines sentence is 'presumed not to be unreasonably severe.'" *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (quoting *United States v. Bailey*, 264 F. App'x 480, 485 (6th Cir. 2008)). "The sentencing court, of course, is required to 'impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2).'  18 U.S.C. § 3553(a). On review, however, the appellate court's task is different—it must determine whether a different sentence was 'required.'" *United States v. Reilly*, 662 F.3d 754, 761 n.3 (6th Cir. 2011) (alterations omitted) (quoting *Rita v. United States*, 551 U.S. 338, 354 (2007)); *see also United States v. Brown*, 579 F.3d 672, 687 (6th Cir. 2009) ("Ultimately, Defendant's arguments appear to contend that, given his personal characteristics, a different sentence was *justified*. While we might agree, he has not shown that a different sentence was *required*.").

We cannot conclude that a different sentence was required here. The district court made on-the-record observations regarding the nature, circumstances, and seriousness of the offense, Harris's history and characteristics, the need for adequate deterrence, the protection of the public, promoting respect for the rule of law, providing just punishment, and the need for substance abuse and mental health treatment. R. 56 (Sentencing Hr'g Tr. at 34–45) (Page ID #219–230). Harris does not appear to argue that the district court failed to explain its sentence in terms of the § 3553(a) factors, but rather that it "should have weighed" certain factors more heavily than others. Appellant Br. at 34. Yet the district court recounted Harris's positive attributes and background in great detail, stating, "Mr. Harris, I don't see you as a monster. . . . In fact, the letters that I read . . . describe you as ethical, hard working, . . . [and] a good father." R. 56 (Sentencing Hr'g Tr. at 37) (Page ID #222). Only after discussing Harris's history and characteristics, including the trauma he experienced as a child, the upstanding conduct he had demonstrated in other areas of his life, and the professional, psychological, and emotional difficulties he faced as an adult, as well as the other factors of § 3553(a), did the court sentence him to a below-guidelines sentence of eighty months. R. 56 (Sentencing Hr'g Tr. at 44) (Page ID #229). The court provided detailed reasons for this sentence and the variance, *id.* at 44 (Page ID #229), and informed Harris that it had "view[ed] . . . statements [he had] made in the light most favorable to [him], frankly." *Id.* at 45 (Page ID #230). Harris believes a more lenient sentence was justified based on these factors, but the district court properly exercised its discretion in weighing them against other factors favoring a significant custodial sentence.

11

Nor are Harris's various attempts to criticize the lack of data-driven analysis in the district court's sentence convincing. We have acknowledged that in the context of child pornography sentencing enhancements, "the [Sentencing] Commission's usual statistical methods have taken a backseat to Congress's 'desire to cast a wider criminal net[] and impose harsher punishments.'" *United States v. Lynde*, 926 F.3d 275, 280 (6th Cir. 2019) (quoting *United States v. McNerney*, 636 F.3d 772, 776 (6th Cir. 2011)). Notwithstanding their lesser reliance on empirical support, these enhancements are valid. *Id.* It follows that a district court need not justify its sentence in a child pornography case with precise data. *See United States v. Widmer*, 511 F. App'x 506, 510 (6th Cir. 2013) (rejecting a defendant's claim that the "market theory" of general deterrence was inapplicable to him, as he had downloaded but not distributed child pornography).

Harris has failed to rebut the presumption of substantive reasonableness accorded to his below-Guidelines sentence. The district court did not abuse its discretion here.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** Harris's sentence.